# United States Court of Appeals for the Federal Circuit

2009-1172
(Cancellation No. 92/047,391)

THE COLD WAR MUSEUM, INC.,

Appellant,

v.

COLD WAR AIR MUSEUM, INC.,

Appellee.

A. Neal Seth, Baker & Hostetler LLP, of Washington, DC, argued for appellant. With him on the brief was Mark H. Tidman.

W. Thomas Timmons, of Dallas, Texas, argued for appellee.

Appealed from:  United States Patent and Trademark Office
                      Trademark Trial and Appeal Board

# United States Court of Appeals for the Federal Circuit

2009-1172
(Cancellation No. 92/047,391)

THE COLD WAR MUSEUM, INC.,

Appellant,

v.

COLD WAR AIR MUSEUM, INC.,

Appellee.

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board.

_____

DECIDED:  November 5, 2009

_____

Before LOURIE, LINN, and MOORE, <u>Circuit Judges</u>.

MOORE, <u>Circuit Judge</u>.

The Cold War Museum appeals a decision of the Trademark Trial and Appeal Board ("Board").  The Board cancelled registration of the Cold War Museum's service mark THE COLD WAR MUSEUM, finding that the Cold War Museum had not proven acquired distinctiveness of the mark.  For the following reasons, we reverse.

## I.  BACKGROUND

On February 4, 2003, Francis Gary Powers, Jr. filed an application for registration of the service mark THE COLD WAR MUSEUM for museum services on the

Principal Register.[1]   Mr. Powers sought registration on the basis of acquired distinctiveness under Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f).  As required under Section 2(f), Mr. Powers represented that the mark had become distinctive through substantially exclusive and continuous use in commerce for at least the previous five years.

The examining attorney initially refused registration of the mark, finding that it was "merely descriptive" of the identified museum services and therefore barred from registration under Section 2(e)(1).[2]   Mr. Powers submitted a declaration stating that the mark had been in use for at least five years, but the examining attorney again refused registration.   She explained that the mark was highly descriptive and, therefore, additional evidence of acquired distinctiveness was necessary to support a Section 2(f) claim.   Mr. Powers responded by submitting over two hundred pages of material to support his contention that the mark had acquired distinctiveness.   Subsequently, the United States Patent and Trademark Office ("PTO") concluded that the application was entitled to registration and issued a Notice of Publication of the mark.   The application matured to registration on the Principal Register on April 13, 2004.

Three years later, Cold War Air Museum Inc. ("Air Museum") filed a Petition for Cancellation of the mark with the Board.   Air Museum alleged that the words "the cold

---

[1]   Mr. Powers assigned all rights in the mark to the Appellant, The Cold War Museum, in 2007.

[2]   Section 2(e)(1) bars registration of any mark that "when used on or in connection with the goods of the applicant is merely descriptive or deceptively misdescriptive of them."  15 U.S.C. § 1052(e)(1).

war museum" were merely descriptive[3] for museum services related to the Cold War at the time of registration, and therefore registration under Section 2(f) should not have been permitted. Air Museum submitted a list of search engine results as evidencing the public's understanding of the term "cold war." Air Museum also provided excerpts from the Cold War Museum's website and brochure to show that the museum's contents and exhibits all related to the Cold War, as that term would be understood by the public.

The Cold War Museum responded that even if the mark was descriptive, it had become distinctive and was therefore eligible for registration under Section 2(f). The Cold War Museum argued that the PTO had accepted the evidence submitted during prosecution as sufficient proof of distinctiveness; thus, the registered mark was now presumed to be valid. The Cold War Museum also noted that Air Museum had presented no evidence showing that the mark should not have been allowed registration under Section 2(f). The Cold War Museum did not resubmit the evidence of distinctiveness that had been submitted during prosecution.

The Board granted Air Museum's Petition for Cancellation of the mark. The Board found that the term "cold war" was widely recognized as indicating the conflict between the United States and the Soviet Union from 1945 to 1991. The Board further found that the main subject of the Cold War Museum's "museum services" was the study of this same Cold War. Therefore, the Board concluded that consumers viewing the mark would understand the Cold War Museum to contain artifacts and information relating to the Cold War, and that Air Museum had accordingly proven that the mark

---

[3] The Air Museum also alleged that the mark was generic. The Board found that Air Museum had not proven genericness by a preponderance of the evidence, and Air Museum has not appealed that ruling.

was highly descriptive and had not acquired distinctiveness. The Board then shifted the burden to Cold War Museum to show that the mark had acquired sufficient distinctiveness to overcome its descriptive status. Although the Board recognized that the applicant had submitted evidence of the mark's distinctiveness during prosecution, the Board decided that it could not consider this evidence because the Cold War Museum did not resubmit it in the cancellation. Therefore, the Board concluded that the Cold War Museum had not proven acquired distinctiveness on the record and granted Air Museum's petition to cancel registration of the mark.

The Cold War Museum appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B).

## II. DISCUSSION

We review the Board's legal conclusions de novo and its factual findings for substantial evidence. In re Pacer Tech., 338 F.3d 1348, 1349 (Fed. Cir. 2003). The substantial evidence standard requires us to ask whether a reasonable person might find that the evidentiary record supports the Board's conclusion. On-Line Careline, Inc. v. Am. Online, Inc., 229 F.3d 1080, 1086 (Fed. Cir. 2000).

A mark registered on the Principal Register is presumed to be valid. 15 U.S.C. § 1057(b). Due to this presumption of validity, the burden of persuasion in a cancellation proceeding rests on the party seeking to cancel the registration. Cerveceria Centroamericana, S.A. v. Cerveceria India, Inc., 892 F.2d 1021, 1023 (Fed. Cir. 1989). A party seeking to cancel a registration must overcome the registration's presumption of validity by a preponderance of the evidence. See, e.g., W. Fla. Seafood v. Jet Rests., 31 F.3d 1122, 1125 (Fed. Cir. 1994).

Section 2(f) of the Lanham Act provides that "nothing . . . shall prevent the registration of a mark used by the applicant that has become distinctive of the applicant's goods [or services] in commerce." 15 U.S.C. § 1052(f). Under Section 2(f), a mark that is otherwise barred from registration in view of other Section 2 requirements can still obtain registration if the applicant proves that the mark has become distinctive. See Yamaha Int'l Corp. v. Hoshino Gakki Co., Ltd., 840 F.2d 1572, 1580 (Fed. Cir. 1988). Therefore, the presumption of validity that attaches to a Section 2(f) registration includes a presumption that the registered mark has acquired distinctiveness. To rebut this presumption, a party seeking to cancel a Section 2(f) registration must produce sufficient evidence for the Board to conclude, in view of the entire record in the cancellation proceeding, that the party has rebutted the mark's presumption of acquired distinctiveness by a preponderance of the evidence. Cf. id. at 1576.

## A. Evidence of Record in a Cancellation Proceeding

The evidence of record before the Board in a cancellation proceeding is governed by 37 C.F.R. § 2.122(b). Specifically, section 2.122(b) provides that the record in a cancellation automatically includes the file of the registration at issue:

> (b) Application files. (1) The file . . . of each registration against which a petition or counterclaim for cancellation is filed forms part of the record of the proceeding without any action by the parties and reference may be made to the file for any relevant and competent purpose.

We find this regulation to be clear and unambiguous. The entire registration file— including any evidence submitted by the applicant during prosecution—is part of the record in a cancellation "without any action by the parties." Therefore, a party seeking to cancel a Section 2(f) registration must rebut the applicant's evidence of

distinctiveness made of record during prosecution to satisfy its ultimate burden of proof. Cf. Yamaha, 840 F.2d at 1576.

The Board relied on its decision in British Seagull Ltd. v. Brunswick Corp., 28 USPQ2d 1197 (TTAB 1990), to exclude the evidence submitted during prosecution.[4] In British Seagull, which related to an opposition proceeding, the Board stated that although the "application file" was automatically part of the record pursuant to 37 C.F.R. § 2.122(b), "documents and other things filed in connection with the application" were not. 28 USPQ2d at 1200. This statement conflicts with the plain language of the regulation. Indeed, the Board in British Seagull did not discuss the language of 37 C.F.R. § 2.122(b) at all; it cited instead to two other Board cases, neither of which discussed the regulatory language and neither of which was factually on point.[5] Because British Seagull is contrary to the plain language of 37 C.F.R. § 2.122(b), we expressly overrule that decision to the extent it is inconsistent with our decision today.

---

[4] The Board began its discussion of British Seagull by noting that "[t]his situation is reminiscent of that discussed by the Board, and affirmed by the Court of Appeals for the Federal Circuit, our primary reviewing court." Cold War Air Museum, Inc. v. The Cold War Museum, Inc., 2008 WL 4803898 at *5-6 (TTAB Oct. 20, 2008). In our decision affirming British Seagull, we expressly declined to reach the issue of distinctiveness, deciding the case instead on the issue of functionality. See Brunswick Corp. v. British Seagull, 35 F.3d 1527, 1534 (Fed. Cir. 1994). It is clear we did not affirm the Board's decision on distinctiveness or the evidentiary issues attendant to that decision in British Seagull.

[5] The Board cited to Kellogg Co. v. Pack'em Enterprises Inc., 14 USPQ2d 1545 (TTAB 1990), and McDonald's Corp. v. McKinley, 13 USPQ2d 1895 (TTAB 1989). In Kellogg, the Board noted that statements made in the pleadings and in the application itself were not evidence on behalf of the applicant, but instead must be proven in the normal manner. 14 USPQ2d at 1547-48 n.6. In McDonald's, the Board observed that statements in an applicant's declaration signed in connection with the application related only to that application and did not relate to the applicant's statements made during opposition. 13 USPQ2d at 1897 n.4.

In the case at hand, the Board acknowledged that the applicant had submitted evidence of acquired distinctiveness during prosecution. However, the Board decided that it could not consider this evidence because the Cold War Museum did not resubmit the evidence in the cancellation. This was error. The unambiguous language of 37 C.F.R. § 2.122(b) provides that the entire file of the registration at issue is automatically part of the record, without any action necessary by the parties. Therefore, the evidence of the mark's acquired distinctiveness submitted during prosecution was automatically part of the record before the Board, and the Board was required to consider this evidence in determining whether Air Museum had met its burden of proving a lack of acquired distinctiveness by a preponderance of the evidence.

## B. Distinctiveness

In Air Museum's petition for cancellation, it argued that the Cold War Museum's mark should not have been allowed registration under Section 2(f) because the mark was "merely descriptive" for museum services related to the Cold War. Air Museum submitted search engine results to show the public's understanding of the term "cold war," and portions from the Cold War Museum's website and brochures to show that the museum's exhibits, features, and events were all Cold War-related.

Section 2(f) allows registration of a mark that is otherwise unregistrable under certain sections of the Lanham Act if the applicant can prove that the mark has acquired distinctiveness. Specifically, a mark that is found or conceded to be descriptive—and therefore barred from registration under Section 2(e)(1)—can obtain registration under Section 2(f) if the applicant can prove that the mark has acquired distinctiveness. Where an applicant seeks registration on the basis of Section 2(f), the mark's

descriptiveness is a nonissue; an applicant's reliance on Section 2(f) during prosecution presumes that the mark is descriptive. Yamaha, 840 F.2d at 1577. The party seeking cancellation of a Section 2(f) registration instead must prove, by a preponderance of the evidence, that the mark has not acquired distinctiveness. Id.

Here, Air Museum failed to present any evidence whatsoever relating to the distinctiveness of the mark. Indeed, Air Museum failed even to argue that the mark had not acquired distinctiveness. Instead, Air Museum's arguments and evidence related exclusively to the mark's descriptiveness, which, as discussed above, is irrelevant to the validity of a Section 2(f) registration. Because Air Museum failed to even argue the issue of acquired distinctiveness in its petition for cancellation, it failed to rebut the registration's presumption of validity. Therefore, the Board erred as a matter of law in concluding that Air Museum had established a prima facie case that the mark had not acquired distinctiveness.

Given Air Museum's failure to rebut the registration's presumption of validity, the Board also erred as a matter of law in shifting the "burden" to the Cold War Museum to prove that the mark had acquired distinctiveness. The Board's discussion of the various burdens at play in a cancellation proceeding is less than precise, and we take this opportunity to clarify those burdens. In a cancellation proceeding, unlike an opposition, the registration has a presumption of validity. 15 U.S.C. § 1057(b). The party seeking cancellation must overcome this presumption by a preponderance of the evidence. Cerveceria Centroamericana, 892 F.2d at 1023. The party seeking to cancel registration of a mark always bears the burden of persuasion, that is, the ultimate burden of proving invalidity of the registration by a preponderance of the evidence.

Initially, the party seeking cancellation also bears the "burden to establish a prima facie case" that the registration is invalid. Yamaha, 840 F.2d at 1579 n.9. In a Section 2(f) case, the party seeking cancellation bears the initial burden to "establish a prima facie case of no acquired distinctiveness." Id. at 1576. To satisfy this initial burden, the party seeking cancellation must "present sufficient evidence or argument on which the board could reasonably conclude" that the party has overcome the record evidence of acquired distinctiveness—which includes everything submitted by the applicant during prosecution. Id. at 1576-77. The burden of producing additional evidence or argument in defense of registration only shifts to the registrant if and when the party seeking cancellation establishes a prima facie showing of invalidity. The Board must then decide whether the party seeking cancellation has satisfied its ultimate burden of persuasion, based on all the evidence made of record during prosecution and any additional evidence introduced in the cancellation proceeding.

Air Museum, as the party seeking cancellation, bore the burden of persuasion as well as the initial burden of establishing a prima facie case. If Air Museum had satisfied its initial burden sufficient to establish a prima facie case that the registration had not acquired distinctiveness, the burden of production would have shifted to the Cold War Museum. However, Air Museum failed to present any evidence or argument of lack of distinctiveness, and therefore the Board erred in finding that any "burden" was shifted to the Cold War Museum.

### III. CONCLUSION

Because the Board erred as a matter of law in concluding that Air Museum had established a prima facie case that the mark had not acquired distinctiveness, we reverse.

<u>REVERSED</u>